NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTEBAN ROMERO HERNANDEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 23-138

Agency No.
A205-490-971

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026[**]
Seattle, Washington

Before: W. FLETCHER and KOH, Circuit Judges, and RAYES, District Judge.[***]

Esteban Romero Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision dismissing his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

appeal of an Immigration Judge's ("IJ") order denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). Under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. Petitioner has not shown that the BIA erred in concluding that his proposed particular social group was not cognizable. When an applicant seeks withholding of removal based on membership in a "particular social group," the applicant must demonstrate (1) "the existence of a cognizable particular social group," (2) "his membership in that particular social group," and (3) "a risk of persecution on account of his membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014)). The BIA denied withholding because it determined that Petitioner's proposed particular social group of "Mexican men deported to Mexico from the United States" is not legally cognizable. We agree. Certainly, "[i]ndividuals falling within the parameters of this sweeping

demographic division naturally manifest a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (alteration in original) (citation omitted). Thus, Petitioner's proposed particular social group "is too broad to qualify as a cognizable social group." *Id.*

2.      Substantial evidence supports the BIA's conclusion that Petitioner did not establish a nexus between his alleged harm and the particular social group of "immediate family members of [Petitioner's sister] Maria Leticia Romero Hernandez." "A nexus between the harm and a protected ground is a necessary element of . . . withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). The record supports the BIA's finding that a member of Los Zetas threatened Petitioner only because Petitioner interfered in that member's relationship with Petitioner's sister. The member also threatened Petitioner's father for the same reason. Petitioner testified that the member sought to harm Petitioner "because of the assistance that [he] provided to [his] sister and telling her that she had to leave [the member]." Petitioner further testified that that was the "only" reason the member sought to harm him. Moreover, Petitioner confirmed that his sister and his father continued to live near their original home in Mexico and neither had been harmed since 2014. Accordingly, Petitioner failed to establish persecution based on his familial relationship with his sister. *See Molina-Morales*

*v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (distinguishing "[p]urely personal retribution" from petitioner's proposed protected ground (alteration in original) (citation omitted)).

3.      Substantial evidence supports the BIA's determination that Petitioner is not entitled to relief under CAT. To be eligible for CAT protection, an applicant must show that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The BIA determined that Petitioner did not establish he will probably suffer torture in Mexico by or with the consent or acquiescence of a public official. The record does not compel a different conclusion. *See Duran-Rodriguez*, 918 F.3d at 1029 (affirming the agency's denial of CAT where petitioner had "not been tortured in the past" and failed to show that "it is more likely than not he will be subjected to torture by or with the acquiescence of a public official").

**PETITION DENIED.**